## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

MARK ALLEN, et al.

                    Plaintiffs,              Court File:  20-cv-02380 (JRT/KMM)

vs.
                                             **ANSWER**
3M COMPANY and
AEARO TECHNOLOGIES LLC.,

                    Defendants.

Defendants 3M Company and Aearo Technologies LLC ("Defendants") answer Plaintiffs' Complaint, and assert their affirmative defenses, as set forth below.

### NATURE OF THE CASE

1.      This is a failure to warn product liability action related to an earplug manufactured and sold by Defendants. Plaintiffs used Defendants' dual-ended Combat Arms™ Earplugs – Version 2 and, as a result of Defendants' failure to warn, now suffer from hearing loss and tinnitus. Defendants knew the earplugs needed to be inserted in a particular manner in order to have any effectiveness. But the Defendants failed to warn potential purchasers of the danger of failing to do so.

**ANSWER:**  With respect to the allegations in the first sentence of this paragraph, Defendants state that the Complaint speaks for itself with respect to the claims and theories alleged. Defendants deny any and all allegations of wrongdoing and deny the remaining allegations in this paragraph.

## JURISDICTION AND VENUE

2.      This Court has subject matter jurisdiction over Plaintiffs' claims under Minn. Stat. § 484.01, subd. 1.

**ANSWER:**  Defendants make no response to the allegations in this paragraph because they assert conclusions of law to which no response is required. To the extent that a response is required, Defendants deny the allegations in this paragraph.

3.      This action is not removable to federal court because Plaintiffs assert no claim arising under the Constitution, law, or treaties of the United States to satisfy 28 U.S.C. § 1331 and because even though the requirements of 28 U.S.C. § 1332(a) may be met, Plaintiffs bring this suit in Defendants' home state and therefore 28 U.S.C. § 1441(b)(2) precludes removal.

**ANSWER:**  Defendants deny the allegations in this paragraph.

4.      Venue is proper in Hennepin County, Minnesota under Minn. Stat. §§ 542.01 and 542.09 because 3M resides in Hennepin County in that it has its resident agent, an office, and a place of business in Hennepin County.

**ANSWER:**  Defendants make no response to the allegations in this paragraph because they assert conclusions of law to which no response is required. To the extent that a response is required, Defendants deny the allegations in this paragraph.

## PARTIES

5.      Plaintiff Mark Allen is an individual residing in the state of Georgia.

**ANSWER:**  Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations in this paragraph and therefore deny the same.

2

6.     Plaintiff Aurelio Argteaga is an individual residing in the state of California.

**ANSWER:**  Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations in this paragraph and therefore deny the same.

7.     Plaintiff Jonathan Ball is an individual residing in the state of West Virginia.

**ANSWER:**  Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations in this paragraph and therefore deny the same.

8.     Plaintiff Rafael Benavides is an individual residing in the state of Texas.

**ANSWER:**  Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations in this paragraph and therefore deny the same.

9.     Plaintiff Michael Berg is an individual residing in the state of Maryland.

**ANSWER:**  Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations in this paragraph and therefore deny the same.

10.     Plaintiff Travis Birden is an individual residing in the State of Georgia.

**ANSWER:**  Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations in this paragraph and therefore deny the same.

11.     Plaintiff Dean Blanchard is an individual residing in the state of Louisiana.

**ANSWER:**  Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations in this paragraph and therefore deny the same.

12.     Plaintiff Brian Bullock is an individual residing in the state of Florida.

**ANSWER:**  Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations in this paragraph and therefore deny the same.

13.     Plaintiff Robert Burress is an individual residing in the state of Kentucky.

**ANSWER:**   Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations in this paragraph and therefore deny the same.

14.   Plaintiff Anthony Cain is an individual residing in the state of Arkansas.

**ANSWER:**   Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations in this paragraph and therefore deny the same.

15.   Plaintiff Arturo Castellano Jr. is an individual residing in the State of Illinois.

**ANSWER:**   Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations in this paragraph and therefore deny the same.

16.   Plaintiff Michael Church is an individual residing in the state of Oregon.

**ANSWER:**   Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations in this paragraph and therefore deny the same.

17.   Plaintiff Dean Clark is an individual residing in the state of Louisiana.

**ANSWER:**   Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations in this paragraph and therefore deny the same

18.   Plaintiff Dejuan Davis is an individual residing in the state of Arizone.

**ANSWER:**   Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations in this paragraph and therefore deny the same.

19.    Plaintiff Lynda Delaney is an individual residing in the state of New York.

**ANSWER:**   Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations in this paragraph and therefore deny the same.

20.   Plaintiff Matthew Diamond is an individual residing in the state of Louisiana.

**ANSWER:**   Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations in this paragraph and therefore deny the same.

21.   Plaintiff Billy Eaves is an individual residing in the state of Utah.

**ANSWER:**   Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations in this paragraph and therefore deny the same.

22.   Plaintiff William Ellenberger Jr. is an individual residing in the state of Pennsylvania.

**ANSWER:**   Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations in this paragraph and therefore deny the same.

23.   Plaintiff Don Gambrel is an individual residing in the state of Indiana.

**ANSWER:**   Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations in this paragraph and therefore deny the same.

24.   Plaintiff Jason Gent is an individual residing in the state of New York.

**ANSWER:**   Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations in this paragraph and therefore deny the same.

25.   Plaintiff Robert Gilboy is an individual residing in the state of Pennsylvania.

**ANSWER:**   Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations in this paragraph and therefore deny the same.

26.   Plaintiff Dave Gould is an individual residing in the state of California.

**ANSWER:**   Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations in this paragraph and therefore deny the same.

27.   Plaintiff Malthius Harris is an individual residing in the state of Texas.

**ANSWER:**  Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations in this paragraph and therefore deny the same.

28.    Plaintiff Kevin Hescott is an individual residing in the state of Michigan.

**ANSWER:**  Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations in this paragraph and therefore deny the same.

29.    Plaintiff Rockey Hoffman is an individual residing in the state of Texas.

**ANSWER:**  Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations in this paragraph and therefore deny the same.

30.    Plaintiff Jessica Horton is an individual residing in the state of Kentucky.

**ANSWER:**  Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations in this paragraph and therefore deny the same.

31.    Plaintiff Timothy Jenkins is an individual residing in the state of South Carolina.

**ANSWER:**  Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations in this paragraph and therefore deny the same.

32.    Plaintiff Melissa Jones is an individual residing in the state of New York.

**ANSWER:**  Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations in this paragraph and therefore deny the same.

33.    Plaintiff Patricia Jones is an individual residing in the state of Utah.

**ANSWER:**  Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations in this paragraph and therefore deny the same.

34.    Plaintiff Tom Jones is an individual residing in the state of Georgia.

**ANSWER:**   Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations in this paragraph and therefore deny the same.

35.   Plaintiff Zeb Khan is an individual residing in the state of Illinois.

**ANSWER:**   Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations in this paragraph and therefore deny the same.

36.   Plaintiff Eric Knight is an individual residing in the state of Mississippi.

**ANSWER:**   Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations in this paragraph and therefore deny the same.

37.   Plaintiff Mathew Larson is an individual residing in the state of Massachusetts.

**ANSWER:**   Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations in this paragraph and therefore deny the same.

38.   Plaintiff Jason Mansfield is an individual residing in the state of Arkansas.

**ANSWER:**   Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations in this paragraph and therefore deny the same.

39.   Plaintiff Randall Mathias is an individual residing in the state of California.

**ANSWER:**   Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations in this paragraph and therefore deny the same.

40.   Plaintiff Balam Mendoza is an individual residing in the state of Colorado.

**ANSWER:**   Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations in this paragraph and therefore deny the same.

41.   Plaintiff Brady Nuzum is an individual residing in the state of Washington.

**ANSWER:**  Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations in this paragraph and therefore deny the same.

42.    Plaintiff Wade Obear is an individual residing in the state of Louisiana.

**ANSWER:**  Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations in this paragraph and therefore deny the same.

43.    Plaintiff Timmy Potter is an individual residing in the state of Florida.

**ANSWER:**  Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations in this paragraph and therefore deny the same.

44.    Plaintiff Shaunda Robb is an individual residing in the state of Maryland.

**ANSWER:**  Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations in this paragraph and therefore deny the same.

45.    Plaintiff Ronda Rouse is an individual residing in the state of North Carolina.

**ANSWER:**  Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations in this paragraph and therefore deny the same.

46.    Plaintiff Michael Scroggie is an individual residing in the state of Florida.

**ANSWER:**  Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations in this paragraph and therefore deny the same.

47.    Plaintiff Michael Skelly is an individual residing in the state of California.

**ANSWER:**  Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations in this paragraph and therefore deny the same.

48.    Plaintiff Scott Spradling is an individual residing in the state of Ohio.

**ANSWER:**   Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations in this paragraph and therefore deny the same.

49.     Plaintiff Melvin White is an individual residing in the state of Texas.

**ANSWER:**   Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations in this paragraph and therefore deny the same.

50.     Defendant 3M is a Delaware corporation with its principal place of business in Minnesota.

**ANSWER:**   Defendants admit the allegations in this paragraph.

51.     Defendant Aearo Technologies LLC is a limited liability company formed in Delaware with its principal place of business in Minnesota.

**ANSWER:**   Defendants admit the allegations in this paragraph.

## FACTUAL ALLEGATIONS

### A. Plaintiffs' Use of 3M Combat Arms™ Earplugs Version 2

*Mark Allen*

52.     Plaintiff Allen worked as a machine operator for Quad/Graphics from approximately 2006 to 2016. His responsibilities included operating heavy equipment and machinery in an industrial environment for extended periods of time.

**ANSWER:**   Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations in this paragraph and therefore deny the same.

53.     Plaintiff Allen wore the 3M dual-ended earplugs during his employment. During such times, Plaintiff Allen was exposed to damaging, loud impulse, high-pitched sounds.

9

**ANSWER:**   Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations in this paragraph and therefore deny the same.

54.     Plaintiff Allen did not receive instructions to fold back the third flange on the opposite side of the use end of the 3M dual-ended earplug or a warning that the earplug would not be effective if he did not dos so.

**ANSWER:**   Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations in this paragraph and therefore deny the same.

55.     Plaintiff Allen suffers from hearing loss and tinnitus.

**ANSWER:**   Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations in this paragraph and therefore deny the same.

*Aurelio Arteaga*

56.     Plaintiff Arteaga worked security for Contemporary Services Corporation from approximately 2008 to 2017.  His responsibilities included working in crowded venues near large speakers and amplifiers for extended periods of time.

**ANSWER:**   Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations in this paragraph and therefore deny the same.

57.     Plaintiff Arteaga wore the 3M dual-ended earplugs during his employment.  During such times, Plaintiff Arteaga was exposed to damaging, loud impulse, high-pitched sounds.

**ANSWER:**   Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations in this paragraph and therefore deny the same.

58.     Plaintiff Arteaga did not receive instructions to fold back the third flange on the opposite side of the use end of the 3M dual-ended earplugs or a warning that the earplug would not be effective if he did not do so.

**ANSWER:**   Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations in this paragraph and therefore deny the same.

59.     Plaintiff Arteaga suffers from hearing loss and tinnitus.

**ANSWER:**   Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations in this paragraph and therefore deny the same.

*Jonathan Ball*

60.     Plaintiff Ball worked as an equipment operator and plant manager for Arch Coal from approximately 2008 to 2012. His responsibilities included operating heavy machinery and equipment in an industrial environment for extended periods of time.

**ANSWER:**   Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations in this paragraph and therefore deny the same.

61.     Plaintiff Ball wore the 3M dual-ended earplugs during his employment. During such times, Plaintiff Ball was exposed to damaging, loud impulse, high-pitched sounds.

**ANSWER:**   Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations in this paragraph and therefore deny the same.

62.     Plaintiff Ball did not receive instructions to fold back the third flange on the opposite side of the use end of the 3M dual-ended earplug or a warning that the earplug would not be effective if she did not do so.

11

**ANSWER:**   Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations in this paragraph and therefore deny the same.

63.     Plaintiff Ball suffers from hearing loss and tinnitus.

**ANSWER:**   Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations in this paragraph and therefore deny the same.

*Rafael Benavides*

64.     Plaintiff Benavides has worked as a sandblaster and industrial painter for various companies from approximately 1988 to the present.  His responsibilities include working with high pressured machines in an industrial environment for extended periods of time.

**ANSWER:**   Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations in this paragraph and therefore deny the same.

65.     Plaintiff Benavides wore the 3M dual-ended earplugs during his employment. During such times, Plaintiff Benavides was exposed to damaging, loud impulse, high-pitched sounds.

**ANSWER:**   Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations in this paragraph and therefore deny the same.

66.     Plaintiff Benavides did not receive instructions to fold back the third flange on the opposite side of the use end of the 3M dual-ended earplug or a warning that the earplug would not be effective if he did not do so.

**ANSWER:**   Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations in this paragraph and therefore deny the same.

67.     Plaintiff Benavides suffers from hearing loss and tinnitus.

**ANSWER:**   Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations in this paragraph and therefore deny the same.

*Michael Berg*

68.     Plaintiff Berg worked as a union electrician from approximately 2008 to 2016. His responsibilities included using industrial power tools and other heavy equipment for extended periods of time.

**ANSWER:**   Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations in this paragraph and therefore deny the same.

69.     Plaintiff Berg wore the 3M dual-ended earplugs during these activities. During such times, Plaintiff Berg was exposed to damaging, loud impulse, high-pitched sounds.

**ANSWER:**   Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations in this paragraph and therefore deny the same.

70.     Plaintiff Berg did not receive instructions to fold back the third flange on the opposite side of the use end of the 3M dal-ended earplug or a warning that the earplug would not be effective if he did not do so.

**ANSWER:**   Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations in this paragraph and therefore deny the same.

71.     Plaintiff Berg suffers from hearing loss and tinnitus.

**ANSWER:**   Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations in this paragraph and therefore deny the same.

*Travis Birden*

72.     Plaintiff Birden has worked as an electrician for various construction companies from approximately 1998 to the present.  His responsibilities include working on hammer drills, metal saws, impact guns, and other heavy equipment for extended periods of time.

**ANSWER:**   Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations in this paragraph and therefore deny the same.

73.     Plaintiff Birden wore the 3M dual-ended earplugs during his employment. During such times, Plaintiff Birden was exposed to damaging, loud impulse, high-pitched sounds.

**ANSWER:**   Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations in this paragraph and therefore deny the same.

74.     Plaintiff Birden did not receive instructions to fold back the third flange on the opposite side of the use end of the 3M dual-ended earplug or a warning that the earplug would not be effective if he did not do so.

**ANSWER:**   Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations in this paragraph and therefore deny the same.

75.     Plaintiff Birden suffers from hearing loss.

**ANSWER:**   Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations in this paragraph and therefore deny the same.

*Dean Blanchard*

76.     Plaintiff Blanchard has worked as an electrician for various industrial electrical contractors from approximately 2007 to the present. His responsibilities include working with industrial motors, pumps, diesel engines, and other various electrical machinery.

**ANSWER:**   Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations in this paragraph and therefore deny the same.

77.     Plaintiff Blanchard wore the 3M dual-ended earplugs during these activities. During such times, Plaintiff Blanchard was exposed to damaging, loud impulse, high-pitched sounds.

**ANSWER:**   Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations in this paragraph and therefore deny the same.

78.     Plaintiff Blanchard did not receive instructions to fold back the third flange on the opposite side of the use end of the 3M dual-ended earplug or a warning that the earplug would not be effective if he did not do so.

**ANSWER:**   Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations in this paragraph and therefore deny the same.

79.     Plaintiff Blanchard suffers from hearing loss and tinnitus.

**ANSWER:**   Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations in this paragraph and therefore deny the same.

***Brian Bullock***

15

80. Plaintiff Bullock was self-employed at Bullock Landscaping and Lawn Care from approximately 1997 to 2011. His responsibilities included operating commercial mowers, blowers, weed eaters, and other heavy equipment typically used in landscaping.

**ANSWER:** Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations in this paragraph and therefore deny the same.

81. Plaintiff Bullock wore the 3M dual-ended earplugs during these activities. During such times, Plaintiff Bullock was exposed to damaging, loud impulse, high-pitched sounds.

**ANSWER:** Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations in this paragraph and therefore deny the same.

82. Plaintiff Bullock did not receive instructions to fold back the third flange on the opposite side of the use end of the 3M dual-ended earplugs or a warning that the earplug would not be effective if he did not do so.

**ANSWER:** Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations in this paragraph and therefore deny the same.

83. Plaintiff Bullock suffers from hearing loss and tinnitus.

**ANSWER:** Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations in this paragraph and therefore deny the same.

***Robert Burress***

84. Plaintiff Burress worked as a machine operator for Brown Printing Company from approximately 1985 to 2005. His responsibilities included operating high-speed engraving machines in an industrial environment for extended periods of time.

**ANSWER:**   Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations in this paragraph and therefore deny the same.

85.   Plaintiff Burress wore the 3M dual-ended earplugs during his employment. During such times, Plaintiff Burress was exposed to damaging, loud impulse, high-pitched sounds.

**ANSWER:**   Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations in this paragraph and therefore deny the same

86.   Plaintiff Burress did not receive instructions to fold back the third flange on the opposite side of the use end of the 3M dual-ended earplug or a warning that the earplug would not be effective if he did not do so.

**ANSWER:**   Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations in this paragraph and therefore deny the same.

87.   Plaintiff Burress suffers from hearing loss and tinnitus.

**ANSWER:**   Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations in this paragraph and therefore deny the same.

***Anthony Cain***

88.   Plaintiff Cain has been self-employed as a subcontractor construction worker from approximately 2004 to present.  His responsibilities included working with tile saws, loud power tools, and other heavy equipment typically used to remodel homes.

**ANSWER:**   Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations in this paragraph and therefore deny the same.

89.    Plaintiff Cain wore the 3M dual-ended earplugs during his employment.  During such times, Plaintiff Cain was exposed to damaging, loud impulse, high-pitched sounds.

**ANSWER:**   Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations in this paragraph and therefore deny the same

90.    Plaintiff Cain did not receive instructions to fold back the third flange on the opposite side of the use end of the 3M dual-ended earplug or a warning that the earplug would not be effective if he did not do so.

**ANSWER:**   Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations in this paragraph and therefore deny the same

91.    Plaintiff Cain suffers from hearing loss and tinnitus.

**ANSWER:**   Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations in this paragraph and therefore deny the same.

***Arturo Castellano Jr.***

92.    Plaintiff Castellano worked construction seasonally for three or four months annually for Forever-Dry Basement Waterproofing from approximately 1996 to 2011.  His responsibilities included operating gas-powered jackhammers, chisel hammers, and other heavy equipment for extended periods of time.

**ANSWER:**   Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations in this paragraph and therefore deny the same

93.    Plaintiff Castellano wore the 3M dual-ended earplugs during his employment.  During such times, Plaintiff Castellano was exposed to damaging, loud impulse, high-pitched sounds.

**ANSWER:**   Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations in this paragraph and therefore deny the same

s in this paragraph and therefore deny the same.

94.    Plaintiff Castellano did not receive instructions to fold back the third flange on the opposite side of the use end of the 3M dual-ended earplug or a warning that the earplug would not be effective if he did not do so.

**ANSWER:**   Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations in this paragraph and therefore deny the same.

95.    Plaintiff Castellano suffers from hearing loss and tinnitus.

**ANSWER:**   Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations in this paragraph and therefore deny the same.

*Michael Church*

96.    Plaintiff Church worked as a machine operator for Spartech Industries from approximately 1997 to 2014.  His responsibilities included operating industrial granulators, back pumps, generators, and other heavy equipment and machinery.

**ANSWER:**   Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations in this paragraph and therefore deny the same.

97.     Plaintiff Church wore the 3M dual-ended earplugs during his employment. During such times, Plaintiff Church was exposed to damaging, loud impulse, high-pitched sounds.

**ANSWER:**   Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations in this paragraph and therefore deny the same

98.     Plaintiff Church did not receive instructions to fold back the third flange on the opposite side of the use end of the 3M dual-ended earplug or a warning that the earplug would not be effective if he did not do so.

99.     Plaintiff Church suffers from hearing loss and tinnitus.

**ANSWER:**   Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations in this paragraph and therefore deny the same.

*Dean Clark*

100.     Plaintiff Clark worked as an independent audio engineer for multiple venues from approximately 2010 to 2020. His responsibilities included working around loud music and in crowded venues for extended periods of time.

**ANSWER:**   Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations in this paragraph and therefore deny the same.

101.     Plaintiff Clark wore the 3M dual-ended earplugs during his employment. During such times, Plaintiff Clark was exposed to damaging, loud impulse high-pitched sounds.

**ANSWER:**   Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations in this paragraph and therefore deny the same.

102.    Plaintiff Clark did not receive instructions to fold back the third flange on the opposite side of the use end of the 3M dual-ended earplug or a warning that the earplug would not be effective if he did not do so.

**ANSWER:**   Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations in this paragraph and therefore deny the same.

103.    Plaintiff Clark suffers from hearing loss and tinnitus.

**ANSWER:**   Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations in this paragraph and therefore deny the same.

*Dejuan Davis*

104.    Plaintiff Davis worked as a laborer for Crown Services Inc. from approximately 2007 to 2010 and for RES Manufacturing from approximately 2010 to 2012. His responsibilities included working around industrial presses, overhead cranes, and other heavy equipment and machinery for extended periods of time.

**ANSWER:**   Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations in this paragraph and therefore deny the same.

105.    Plaintiff Davis wore the 3M dual-ended earplugs during his employment. During such times, Plaintiff Davis was exposed to damaging, loud impulse high-pitched sounds.

**ANSWER:**   Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations in this paragraph and therefore deny the same.

106.    Plaintiff Dixon did not receive instructions to fold back the third flange on the opposite side of the use end of the 3M dual-ended earplug or a warning that the earplug would not be effective if he did not do so.

**ANSWER:**   Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations in this paragraph and therefore deny the same.

107.    Plaintiff Davis suffers from hearing loss.

**ANSWER:**   Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations in this paragraph and therefore deny the same.

*Lynda Delaney*

108.    Plaintiff Delaney worked as a carpenter for Local Union 926 from approximately 2012 to 2015. Her responsibilities included working with metal saws and other heavy equipment on active construction sites.

**ANSWER:**   Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations in this paragraph and therefore deny the same.

109.    Plaintiff Delaney t wore the 3M dual-ended earplugs during her employment. During such times, Plaintiff Delaney was exposed to damaging, loud impulse, high-pitched sounds.

**ANSWER:**   Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations in this paragraph and therefore deny the same.

110.    Plaintiff Delaney did not receive instructions to fold back the third flange on the opposite side of the use end of the 3M dual-ended earplug or a warning that the earplug would not be effective if she did not do so.

22

**ANSWER:**   Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations in this paragraph and therefore deny the same.

111.   Plaintiff Delaney t suffers from hearing loss.

**ANSWER:**   Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations in this paragraph and therefore deny the same.

### Matthew Diamond

112.   Plaintiff Diamond worked for Bollinger Quick Repair from at least 2010 to 2012.  His responsibilities included working with heavy machinery and equipment for extended periods of time.

**ANSWER:**   Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations in this paragraph and therefore deny the same.

113.   Plaintiff Diamond wore the 3 dual-ended earplugs during his employment. During such times, Plaintiff Diamond was exposed to damaging, loud impulse, high-pitched sounds.

**ANSWER:**   Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations in this paragraph and therefore deny the same.

114.   Plaintiff Diamond did not receive instructions to fold back the third flange on the opposite side of the use end of the 3M dual-ended earplug or a warning that the earplug would not be effective if he did not do so.

**ANSWER:**   Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations in this paragraph and therefore deny the same.

115.   Plaintiff Diamond suffers from hearing loss and tinnitus.

**ANSWER:**   Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations in this paragraph and therefore deny the same.

***Billy Eaves***

116.   Plaintiff Eaves worked as a laborer and maintenance technician for ERC Properties from approximately 2003 to 20109; for Oak Financial from approximately 2010 to 2012; and for Vanguard Properties from approximately 2012 to 2015.   His responsibilities included operating power washers, power tools, and snow blowers, and other heavy equipment for extended periods of time.

**ANSWER:**   Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations in this paragraph and therefore deny the same.

117.   Plaintiff Eaves wore the 3M dual-ended earplugs during his employment. During such times, Plaintiff Eaves was exposed to damaging, loud impulse, high-pitched sounds.

**ANSWER:**   Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations in this paragraph and therefore deny the same.

118.   Plaintiff Eaves did not receive instructions to fold back the third flange on the opposite side of the use end of the 3M dual-ended earplug or a warning that the earplug would not be effective if he did not do so.

**ANSWER:**   Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations in this paragraph and therefore deny the same.

119.   Plaintiff Eaves suffers from hearing loss and tinnitus.

**ANSWER:**   Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations in this paragraph and therefore deny the same.

***William Ellenberger Jr.***

120.   Plaintiff Ellenberger worked as a laborer for Dlubak Specialty Glass Corporation from approximately 2010 to 2012.  His responsibilities included working around heavy glass making machinery and loud equipment for extended periods of time.

**ANSWER:**   Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations in this paragraph and therefore deny the same.

121.   Plaintiff Ellenberger wore the 3M dual-ended earplugs during his employment.  During such times, Plaintiff Ellenberger was exposed to damaging, loud impulse, high-pitched sounds.

**ANSWER:**   Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations in this paragraph and therefore deny the same.

122.   Plaintiff Ellenberger did not receive instructions to fold back the third flange on the opposite side of the use end of the 3M dual-ended earplug or a warning that the earplug would not be effective if he did not do so.

**ANSWER:**   Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations in this paragraph and therefore deny the same.

123.   Plaintiff Ellenberger suffers from hearing loss.

**ANSWER:**   Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations in this paragraph and therefore deny the same.

***Don Gambrel***

124.    Plaintiff Gambrel worked as a laborer for Cummings Seymore Engine Plant in approximately 2005; for Faurecia from approximately 2007 to 2008; and for Aisin USA MFG at Plant 2 from approximately 2008 to 2015.  His responsibilities included assembling diesel engines and working around industrial presses, belted conveyors, and other heavy machinery and equipment for extended periods of time.

**ANSWER:**   Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations in this paragraph and therefore deny the same.

125.    Plaintiff Gambrel wore the 3M dual-ended earplugs during his employment. During such times, Plaintiff Gambrel was exposed to damaging, loud impulse, high-pitched sounds.

**ANSWER:**   Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations in this paragraph and therefore deny the same.

126.    Plaintiff Gambrel did not receive instructions to fold back the third flange on the opposite side of the use end of the 3M dual-ended earplug or a warning that the earplug would not be effective if he did not do so.

**ANSWER:**   Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations in this paragraph and therefore deny the same.

127.    Plaintiff Gambrel suffers from hearing loss and tinnitus.

**ANSWER:**   Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations in this paragraph and therefore deny the same.

***Jason Gent***

26

128.   Plaintiff Gent was self-employed as a sound engineer at Nacirema LLC from approximately 2004 to 2013.  His responsibilities included working around loud music and in crowded venues for extended periods of time.

**ANSWER:**   Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations in this paragraph and therefore deny the same.

129.   Plaintiff Gent wore the 3M dual-ended earplugs during his employment. During such times, Plaintiff Gent was exposed to damaging, loud impulse, high-pitched sounds.

**ANSWER:**   Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations in this paragraph and therefore deny the same.

130.   Plaintiff Gent did not receive instructions to fold back the third flange on the opposite side of the use end of the 3M dual-ended earplug or a warning that the earplug would not be effective if he did not do so.

**ANSWER:**   Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations in this paragraph and therefore deny the same.

131.   Plaintiff Gent suffers from hearing loss.

**ANSWER:**   Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations in this paragraph and therefore deny the same.

***Robert Gilboy***

132.   Plaintiff Gilboy worked as a laborer for Core-Mark International from approximately 2005 to2014.  His responsibilities included operating industrial printing machines for extended periods of time.

27

**ANSWER:**   Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations in this paragraph and therefore deny the same.

133.   Plaintiff Gilboy wore the 3M dual-ended earplugs during his employment. During such times, Plaintiff Gilboy was exposed to damaging, loud impulse, high-pitched sounds.

**ANSWER:**   Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations in this paragraph and therefore deny the same.

134.   Plaintiff Gilboy did not receive instructions to fold back the third flange on the opposite side of the use end of the 3M dual-ended earplug or a warning that the earplug would not be effective if he did not do so.

**ANSWER:**   Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations in this paragraph and therefore deny the same.

135.   Plaintiff Gilboy suffers from tinnitus.

**ANSWER:**   Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations in this paragraph and therefore deny the same.

### *Dave Gould*

136.   Plaintiff Gould worked as a welder for Dakota Creek Industries Inc. from approximately 2005 to 2010; for Tradesmen International from approximately 2010 to 2012; and for Austal USA from approximately 2012 to 2015. His responsibilities included using industrial grinder and other heavy equipment for extended periods of time.

**ANSWER:**   Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations in this paragraph and therefore deny the same.

28

137.    Plaintiff Gould wore the 3M dual-ended earplugs during his employment. During such times, Plaintiff Gould was exposed to damaging, loud impulse, high-pitched sounds.

**ANSWER:**   Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations in this paragraph and therefore deny the same.

138.    Plaintiff Gould did not receive instructions to fold back the third flange on the opposite side of the use end of the 3M dual-ended earplug or a warning that the earplug would not be effective if he did not do so.

**ANSWER:**   Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations in this paragraph and therefore deny the same.

139.    Plaintiff Gould suffers from hearing loss.

**ANSWER:**   Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations in this paragraph and therefore deny the same.

### *Matthew Harris*

140.    Plaintiff Harris worked as a welder for various companies from approximately 2009 to the present. His responsibilities include working around industrial grinders, oil pumps, boiler machines, excavators, bobcats, hammer jacks and other heavy equipment for extended periods of time.

**ANSWER:**   Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations in this paragraph and therefore deny the same.

141.   Plaintiff Harris wore the 3M dual-ended earplugs during his employment. During such times, Plaintiff Harris was exposed to damaging, loud impulse, high-pitched sounds.

**ANSWER:**   Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations in this paragraph and therefore deny the same.

142.   Plaintiff Harris did not receive instructions to fold back the third flange on the opposite side of the use end of the 3M dual-ended earplug or a warning that the earplug would not be effective if he did not do so.

**ANSWER:**   Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations in this paragraph and therefore deny the same.

143.   Plaintiff Harris suffers from hearing loss and tinnitus.

**ANSWER:**   Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations in this paragraph and therefore deny the same.

### *Kevin Hescott*

144.   Plaintiff Hescott worked as a machine operator for United Plastics Inc. from approximately 2006 to 2008. His responsibilities included running grinding machines in an industrial environment for extended periods of time.

**ANSWER:**   Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations in this paragraph and therefore deny the same.

145.   Plaintiff Hescott wore the 3M dual-ended earplugs during his employment. During such times, Plaintiff Hescott was exposed to damaging, loud impulse, high-pitched sounds.

**ANSWER:**   Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations in this paragraph and therefore deny the same.

146.   Plaintiff Hescott did not receive instructions to fold back the third flange on the opposite side of the use end of the 3M dual-ended earplug or a warning that the earplug would not be effective if he did not do so.

**ANSWER:**   Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations in this paragraph and therefore deny the same.

147.   Plaintiff Hescott suffers from hearing loss.

**ANSWER:**   Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations in this paragraph and therefore deny the same.

***Rocky Hoffman***

148.   Plaintiff Hoffman worked as a foreman for Ms. Sybil's Seeding, LLC from approximately 2007 to 2013. His responsibilities included working with commercial mowers, blowers, tractors, weed eaters, hedge trimmers, saws, and other heavy equipment.

**ANSWER:**   Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations in this paragraph and therefore deny the same.

149.   Plaintiff Hoffman wore the 3M dual-ended earplugs during his employment. During such times, Plaintiff Hoffman was exposed to damaging, loud impulse, high-pitched sounds.

**ANSWER:**   Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations in this paragraph and therefore deny the same.

150.    Plaintiff Hoffman did not receive instructions to fold back the third flange on the opposite side of the use end of the 3M dual-ended earplug or a warning that the earplug would not be effective if he did not do so.

**ANSWER:**   Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations in this paragraph and therefore deny the same.

151.    Plaintiff Hoffman suffers from hearing loss and tinnitus.

**ANSWER:**   Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations in this paragraph and therefore deny the same.

*Jessica Horton*

152.    Plaintiff Horton worked as a machine operator for Vincent Industrial Plastics Inc. from approximately 2003 to 2005. Her responsibilities included operating heavy equipment and machinery in an industrial environment for extended periods of time.

**ANSWER:**   Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations in this paragraph and therefore deny the same.

153.    Plaintiff Horton wore the 3M dual-ended earplugs during her employment. During such times, Plaintiff Horton was exposed to damaging, loud impulse, high-pitched sounds.

**ANSWER:**   Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations in this paragraph and therefore deny the same.

154.    Plaintiff Horton did not receive instructions to fold back the third flange on the opposite side of the use end of the 3M dual-ended earplug or a warning that the earplug would not be effective if she did not do so.

32

**ANSWER:**   Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations in this paragraph and therefore deny the same.

155.   Plaintiff Horton suffers from hearing loss and tinnitus.

**ANSWER:**   Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations in this paragraph and therefore deny the same.

***Timothy Jenkins***

156.   Plaintiff Jenkins worked as a scaffold builder for Day & Zimmermann NPS Inc. from approximately 2003 to 2006.  His responsibilities included building scaffolding in an industrial environment around heavy equipment and machinery.

**ANSWER:**   Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations in this paragraph and therefore deny the same.

157.   Plaintiff Jenkins wore the 3M dual-ended earplugs during his employment. During such times, Plaintiff Jenkins was exposed to damaging, loud impulse, high-pitched sounds.

**ANSWER:**   Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations in this paragraph and therefore deny the same.

158.   Plaintiff Jenkins did not receive instructions to fold back the third flange on the opposite side of the use end of the 3M dual-ended earplug or a warning that the earplug would not be effective if he did not do so.

**ANSWER:**   Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations in this paragraph and therefore deny the same.

159.   Plaintiff Jenkins suffers from hearing loss and tinnitus.

**ANSWER:**   Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations in this paragraph and therefore deny the same.

*Melissa Jones*

160.   Plaintiff Jones worked as a warehouse maintenance technician for Rite Aid Distribution Center from approximately 1997 to 2012 and as a CNC operator for Remington Arms Company Plant from approximately 2014 to 2020.  He responsibilities included working with and around heavy machinery and equipment for extended periods of time.

**ANSWER:**   Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations in this paragraph and therefore deny the same.

161.   Plaintiff Jones has worn the 3M dual-ended earplugs during her employment. During such times, Plaintiff Jones has been exposed to damaging, loud impulse, high - pitched sounds.

**ANSWER:**   Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations in this paragraph and therefore deny the same.

162.   Plaintiff Jones did not receive instructions to fold back the third flange on the opposite side of the use end of the 3M dual-ended earplug or a warning that the earplug would not be effective if he did not do so.

**ANSWER:**   Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations in this paragraph and therefore deny the same.

163.   Plaintiff Jones suffers from hearing loss and tinnitus.

**ANSWER:**   Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations in this paragraph and therefore deny the same.

*Patricia Jones*

164.   Plaintiff Jones worked as a union construction worker from approximately 2007 to 2012.   Her responsibilities included operating jackhammers and other heavy equipment for extended periods of time.

**ANSWER:**   Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations in this paragraph and therefore deny the same.

165.   Plaintiff Jones wore the 3M dual-ended earplugs during her employment. During such times, Plaintiff Jones was exposed to damaging, loud impulse, high-pitched sounds.

**ANSWER:**   Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations in this paragraph and therefore deny the same.

166.   Plaintiff Jones did not receive instructions to fold back the third flange on the opposite side of the use end of the 3M dual-ended earplugs or a warning that the earplug would not be effective if she did not do so.

**ANSWER:**   Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations in this paragraph and therefore deny the same.

167.   Plaintiff Jones suffers from hearing loss and tinnitus.

**ANSWER:**   Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations in this paragraph and therefore deny the same.

*Tom Jones*

168.   Plaintiff Jones worked as a welder for Geenbrier Castings from approximately 2012 to 2017.  His responsibilities included using an industrial grinder for extended periods of time.

**ANSWER:**   Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations in this paragraph and therefore deny the same.

169.   Plaintiff Jones wore the 3M dual-ended earplugs during his employment. During such times, Plaintiff Jones was exposed to damaging, loud impulse, high-pitched sounds.

**ANSWER:**   Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations in this paragraph and therefore deny the same.

170.   Plaintiff Jones did not receive instructions to fold back the third flange on the opposite side of the use end of the 3M dual-ended earplug or a warning that the earplug would not be effective if he did not do so.

**ANSWER:**   Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations in this paragraph and therefore deny the same.

171.   Plaintiff Jones suffers from hearing loss and tinnitus.

**ANSWER:**   Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations in this paragraph and therefore deny the same.

***Zeb Khan***

172.   Plaintiff Khan worked as an independent construction worker for various companies from approximately 2015 to 2019.  His responsibilities included working with industrial power tools and other heavy equipment for extended periods of time.

**ANSWER:**   Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations in this paragraph and therefore deny the same.

173.   Plaintiff Khan wore the 3M dual-ended earplugs during his employment. During such times, Plaintiff Khan was exposed to damaging, loud impulse, high-pitched sounds.

**ANSWER:**   Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations in this paragraph and therefore deny the same.

174.   Plaintiff Khan did not receive instructions to fold back the third flange on the opposite site of the use end of the 3M dual-ended earplug or a warning that the earplug would not be effective if he did not do so.

**ANSWER:**   Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations in this paragraph and therefore deny the same.

175.   Plaintiff Khan suffers from hearing loss and tinnitus.

**ANSWER:**   Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations in this paragraph and therefore deny the same.

*Eric Knight*

176.   Plaintiff Knight was exposed to loud noises for extended periods of time while shooting different caliber weapons on public and private ranges roughly once a month from approximately 2000 to 2020.

**ANSWER:**   Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations in this paragraph and therefore deny the same.

177. Plaintiff Knight wore the 3M dual-ended earplugs during his employment. During such times, Plaintiff Knight was exposed to damaging, loud impulse, high-pitched sounds.

**ANSWER:** Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations in this paragraph and therefore deny the same.

178. Plaintiff Knight did not receive instructions to fold back the third flange on the opposite side of the use end of the 3M dual-ended earplug or a warning that the earplug would not be effective if he did not do so.

**ANSWER:** Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations in this paragraph and therefore deny the same.

179. Plaintiff Knight suffers from hearing loss and tinnitus.

**ANSWER:** Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations in this paragraph and therefore deny the same.

*Matthew Larson*

180. Plaintiff Larson worked as a laborer for Town of Lee Department of Public Works from approximately 1997 to 2019. His responsibilities included operating jackhammers and other industrial power tools for extended periods of time.

**ANSWER:** Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations in this paragraph and therefore deny the same.

181. Plaintiff Larson wore the 3M dual-ended earplugs during his employment. During such times, Plaintiff Larson was exposed to damaging, loud impulse, high-pitched sounds.

**ANSWER:** Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations in this paragraph and therefore deny the same.

182. Plaintiff Larson did not receive instructions to fold back the flange on the opposite side of the use end of the 3M dual-ended earplug or a warning that the earplug would not be effective if he did not do so.

**ANSWER:** Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations in this paragraph and therefore deny the same.

183. Plaintiff Larson suffers from hearing loss and tinnitus.

**ANSWER:** Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations in this paragraph and therefore deny the same.

### Jason Mansfield

184. Plaintiff Mansfield worked as a laborer for Trinity Marine Products from approximately 2005 to 2013. His responsibilities included welding and operating heavy equipment and machinery for extended periods of time.

**ANSWER:** Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations in this paragraph and therefore deny the same.

185. Plaintiff Mansfield wore the 3M dual-ended earplugs during his employment. During such times, Plaintiff Mansfield was exposed to damaging, loud impulse, high-pitched sounds.

**ANSWER:** Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations in this paragraph and therefore deny the same.

186.    Plaintiff Mansfield did not receive instructions to fold back the third flange on the opposite side of the use end of the 3M dual-ended earplug or a warning that the earplug would not be effective if he did not do so.

**ANSWER:**   Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations in this paragraph and therefore deny the same.

187.    Plaintiff Mansfield suffers from hearing loss and tinnitus.

**ANSWER:**   Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations in this paragraph and therefore deny the same.

***Randall Mathias***

188.    Plaintiff Mathias has been employed as a professional musician since at least 2007 to the present.  His responsibilities included playing live music in crowded venues for extended periods of time.

**ANSWER:**   Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations in this paragraph and therefore deny the same.

189.    Plaintiff Mathias wore the 3M dual-ended earplugs during his employment. During such times, Plaintiff Mathias was exposed to damaging, loud impulse, high-pitched sounds.

**ANSWER:**   Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations in this paragraph and therefore deny the same.

190.    Plaintiff Mathias did not receive instructions to fold back the third flange on the opposite side of the end use of the 3M dual-ended earplug or a warning that the earplug would not be effective if he did not do so.

40

**ANSWER:**   Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations in this paragraph and therefore deny the same.

191.   Plaintiff Mathias suffers from hearing loss and tinnitus.

**ANSWER:**   Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations in this paragraph and therefore deny the same.

*Balam Mendoza*

192.   Plaintiff Mendoza worked as a laborer for Kingsbury Farms from approximately 2008 to 2015.  His responsibilities included working with heavy machinery and equipment for extended periods of time.

**ANSWER:**   Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations in this paragraph and therefore deny the same.

193.   Plaintiff Mendoza wore the 3M dual-ended earplugs during his employment. During such times, Plaintiff Mendoza was exposed to damaging, loud impulse, high-pitched sounds.

**ANSWER:**   Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations in this paragraph and therefore deny the same.

194.   Plaintiff Mendoza did not receive instructions to fold back the third flange on the opposite side of the use of the 3M dual-ended earplug or a warning that the earplug would not be effective if he did not do so.

**ANSWER:**   Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations in this paragraph and therefore deny the same.

195.   Plaintiff Mendoza suffers from hearing loss and tinnitus.

**ANSWER:**   Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations in this paragraph and therefore deny the same.

### Brady Nuzum

196.   Plaintiff Nuzum has worked as a lift mechanic for Ski Lifts, Inc. from approximately 2005 to present. His responsibilities include working on active ski lifts using industrial wrenches, hammers, and other heavy equipment for extended periods of time.

**ANSWER:**   Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations in this paragraph and therefore deny the same.

197.   Plaintiff Nuzum wore the 3M dual-ended earplugs during his employment. During such times, Plaintiff Nuzum was exposed to damaging, loud impulse, high-pitched sounds.

**ANSWER:**   Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations in this paragraph and therefore deny the same.

198.   Plaintiff Nuzum did not receive instructions to fold back the third flange on the opposite side of the use end of the 3M dual-ended earplug or a warning that the earplug would not be effective if he did not do so.

**ANSWER:**   Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations in this paragraph and therefore deny the same.

199.   Plaintiff Nuzum suffers from hearing loss and tinnitus.

**ANSWER:**   Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations in this paragraph and therefore deny the same.

### Wade Obear

200.   Plaintiff Obear worked as a technician for various contractors from approximately 1984 to 2018. His responsibilities included working with heavy machinery and equipment for extended periods of time.

**ANSWER:**   Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations in this paragraph and therefore deny the same.

201.   Plaintiff Obear wore the 3M dual-ended earplugs during his employment. During such times, Plaintiff Obear was exposed to damaging, loud impulse, high-pitched sounds.

**ANSWER:**   Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations in this paragraph and therefore deny the same.

202.   Plaintiff Obear did not receive instructions to fold back the third flange on the opposite side of the use end of the 3M dual-ended earplug or a warning that the earplug would not be effective if he did not do so.

**ANSWER:**   Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations in this paragraph and therefore deny the same.

203.   Plaintiff Obear suffers from hearing loss and tinnitus.

**ANSWER:**   Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations in this paragraph and therefore deny the same.

***Timothy Potter***

204.   Plaintiff Potter worked as a laborer for Global Tungsten & Powders from approximately 2003 to 2013. His responsibilities included operating heavy machinery and equipment in an industrial environment for extended periods of time.

**ANSWER:**   Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations in this paragraph and therefore deny the same.

205.   Plaintiff Potter wore the 3M dual-ended earplugs during her employment. During such times, Plaintiff Potter was exposed to damaging, loud impulse, high-pitched sounds.

**ANSWER:**   Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations in this paragraph and therefore deny the same.

206.   Plaintiff Potter did not receive instructions to fold back the third flange on the opposite side of the use end of the 3M dual-ended earplug or a warning that the earplug would not be effective if she did not do so.

**ANSWER:**   Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations in this paragraph and therefore deny the same.

207.   Plaintiff Potter suffers from hearing loss and tinnitus.

**ANSWER:**   Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations in this paragraph and therefore deny the same.

***Shaunda Robb***

208.   Plaintiff Robb worked as a laborer for Northrop Grumman from approximately 2007 to 2009.  Her responsibilities included using grinders and other heavy equipment and machinery for extended periods of time.

**ANSWER:**   Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations in this paragraph and therefore deny the same.

209.    Plaintiff Robb has worn the 3M dual-ended earplugs during her employment. During such times, Plaintiff Robb was exposed to damaging, loud impulse, high-pitched sounds.

**ANSWER:**   Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations in this paragraph and therefore deny the same.

210.    Plaintiff Robb did not receive instructions to fold back the third flange on the opposite side of the use end of the 3M dual-ended earplug or a warning that the earplug would not be effective if he did not do so.

**ANSWER:**   Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations in this paragraph and therefore deny the same.

211.    Plaintiff Robb suffers from hearing loss.

***Ronda Rouse***

212.    Plaintiff Rouse worked as a general laborer for Eastern Omni Constructors Inc. from approximately 2009 to 2010.  Her responsibilities included working with heavy machinery and equipment in an industrial environment for extended periods of time.

**ANSWER:**   Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations in this paragraph and therefore deny the same.

213.    Plaintiff Rouse wore the 3M dual-ended earplugs during her employment. During such times, Plaintiff Rouse was exposed to damaging, loud impulse, high-pitched sounds.

**ANSWER:**   Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations in this paragraph and therefore deny the same.

214.   Plaintiff Rouse did not receive instructions to fold back the third flange on the opposite side of the use end of the 3M dual-ended earplug or a warning that the earplug would not be effective if she did not do so.

**ANSWER:**   Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations in this paragraph and therefore deny the same.

215.   Plaintiff Rouse suffers from hearing loss and tinnitus.

**ANSWER:**   Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations in this paragraph and therefore deny the same.

*Michael Scroggie*

216.   Plaintiff Scroggie worked as a laborer for the International Brotherhood of Electrical Workers Union Contract Local 55 from approximately 2006 to 2018.   His responsibilities included working with chainsaws, hydraulic drills, diesel trucks, and other heavy equipment and machinery for extended periods of time.

**ANSWER:**   Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations in this paragraph and therefore deny the same.

217.   Plaintiff Scroggie wore the 3M dual-ended earplugs during his employment. During such times, Plaintiff Scroggie d was exposed to damaging, loud impulse, high-pitched sounds.

**ANSWER:**   Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations in this paragraph and therefore deny the same.

218.   Plaintiff Scroggie did not receive instructions to fold back the third flange on the opposite side of the use end of the 3M dual-ended earplug or a warning that the earplug would not be effective if he did not do so.

**ANSWER:**   Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations in this paragraph and therefore deny the same.

219.   Plaintiff Scroggie suffers from hearing loss.

**ANSWER:**   Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations in this paragraph and therefore deny the same.

*Michael Skelly*

220.   Plaintiff Skelly has worked as a field supervisor for The Burney Water District from approximately 2004 to the present.  His responsibilities included operating industrial vacuum excavation equipment for extended periods of time.

**ANSWER:**   Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations in this paragraph and therefore deny the same.

221.   Plaintiff Skelly wore the 3M dual-ended earplugs during his employment. During such times, Plaintiff Skelly was exposed to damaging, loud impulse, high-pitched sounds.

**ANSWER:**   Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations in this paragraph and therefore deny the same.

222.   Plaintiff Skelly did not receive instructions to fold back the third flange on the opposite side of the use end of the 3M dual-ended earplug or a warning that the earplug would not be effective if he did not do so.

47

**ANSWER:** Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations in this paragraph and therefore deny the same.

223.   Plaintiff Skelly suffers from hearing loss and tinnitus.

**ANSWER:** Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations in this paragraph and therefore deny the same.

*Scott Spradling*

224.   Plaintiff Spradling worked as a welder and fabricator from at least 2006 to 2008. His responsibilities included working with heavy equipment and machinery for extended periods of time.

**ANSWER:** Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations in this paragraph and therefore deny the same.

225.   Plaintiff Spradling wore the 3M dual-ended earplugs during his employment. During such times, Plaintiff Spradling was exposed to damaging, loud impulse, high-pitched sounds.

**ANSWER:** Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations in this paragraph and therefore deny the same.

226.   Plaintiff Spradling did not receive instructions to fold back the third flange on the opposite side of the use end of the 3M dual-ended earplug or a warning that the earplug would not be effective if he did not do so.

**ANSWER:** Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations in this paragraph and therefore deny the same.

227.   Plaintiff Spradling suffers from hearing loss.

**ANSWER:**   Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations in this paragraph and therefore deny the same.

*Melvin White*

228.   Plaintiff White has worked in construction for various companies from approximately 2006 to the present.  His responsibilities include working around industrial pumps and generators of extended periods of time.

**ANSWER:**   Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations in this paragraph and therefore deny the same.

229.   Plaintiff White wore the 3M dual-ended earplugs during his employment. During such times, Plaintiff White was exposed to damaging, loud impulse, high-pitched sounds.

**ANSWER:**   Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations in this paragraph and therefore deny the same.

230.   Plaintiff White did not receive instructions to fold back the third flange on the opposite side of the use end of the 3M dual-ended earplug or a warning that the earplug would not be effective if he did not do so.

**ANSWER:**   Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations in this paragraph and therefore deny the same.

231.   Plaintiff White suffers from hearing loss.

**ANSWER:**   Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations in this paragraph and therefore deny the same.

**Defendants' Manufacture and Testing of the Combat Arms™ Earplugs**

232.   Aearo Technologies was the global market leader in hearing and eye protection and was based in Indianapolis, Indiana. Aearo Technologies developed, marketed, and sold the Combat Arms™ earplug until being acquired by 3M in 2008 for $1.2 billion. Afterwards, 3M hired Aearo's employees and maintains it as a separate operating unit. Post-acquisition, the Combat Arms™ earplugs have been marketed and sold under the 3M brand. Because 3M acquired both the assets and liabilities of Aearo, Aearo and 3M are used interchangeably and all allegations against Aearo are directed as a matter of law against 3M.

**ANSWER:**   Defendants admit that Aearo Technologies developed, marketed, and sold Dual-Ended Combat Arms™ Earplugs and admit that it was acquired by 3M in 2008. Defendants further admit that 3M marketed and sold Dual-Ended Combat Arms™ Earplugs after it acquired Aearo Technologies and that Aearo Technologies is a subsidiary of 3M. Defendants deny the remaining allegations in this paragraph.

233.   Aearo developed dual-ended, non-linear (selective attenuation) Combat Arms™ earplugs for the specific purpose of providing a single set of earplugs that provide two options for hearing attenuation depending on how they are worn [image omitted].

**ANSWER:**   Defendants admit that they, in collaboration with the United States military, designed the Dual-Ended Combat Arms™ Earplugs to principally be used as a hearing protection device, and included a dual-mode feature enabling users to choose the required level of protection based on the type of activity that required hearing protection. Defendants deny the remaining allegations in this paragraph.

234.   The earplugs can be worn in an open or "unblocked" position (yellow end in) to block, or at least significantly reduce, loud impulse sounds, while still allowing the user to hear quieter noises. Alternatively, the earplugs can be worn in a closed or "blocked" position (green end in) to block, or at least significantly reduce, all sounds, i.e., operate as ordinary earplugs.

**ANSWER:**   Defendants admit that Dual-Ended Combat Arms™ Earplugs included a dual-mode feature enabling users to choose the required level of protection, and admit that at times the olive-colored end of the Dual-Ended Combat Arms™ Earplugs was referred to as the "closed," "blocked," or "linear" end. Defendants further admit that the yellow end of the Dual-Ended Combat Arms™ Earplugs is attached to a non-linear filter, which allows lower-level sounds, such as speech, to pass through the earplug while reducing higher-level impulse noises, such as gunfire. Defendants deny the remaining allegations in this paragraph.

235.   Defendants knew these earplugs, at a minimum, required special instructions for use as early as 2000.

**ANSWER:**   Defendants deny the allegations in this paragraph.

236.   At all relevant times, the Combat Arms™ earplugs had a tendency to imperceptibly loosen in the wearer's ear, thus allowing damaging sounds to enter the ear canal around the outside of the earplug. Specifically, the basal edge of the third flange of the non-inserted end of the earplug is prone to press against some wearers' ear canals and fold back to its original shape, thereby loosening the seal in their ear canals. Because the earplug is symmetrical, this occurs regardless of which end is inserted into the ear.

51

**ANSWER:** Defendants admit that the geometry of a subject's ear canal opening sometimes prevented the deep plug insertion required for maximum attenuation values. Defendants deny the remaining allegations in this paragraph.

237. Aearo learned of this problem when it completed testing of the Combat Arms™ earplugs. In fact, in February 2000, after the Combat Arms™ earplugs failed specification testing, Aearo employees rolled back the non-inserted yellow flanges to mitigate the loosening effect.

**ANSWER:** Defendants deny the allegations in in this paragraph.

238. The value and effectiveness of earplugs has been standardized under federal law through a Noise Reduction Rating ("NRR"). The testing and labeling of earplugs such as the Combat Arms™ earplugs to achieve an NRR is governed by federal regulations promulgated by the Environmental Protection Agency ("EPA") pursuant to the Noise Control Act, 42 U.S.C. § 4901 et seq. Specifically, 40 C.F.R. § 211.206-1 provides:

> The value of sound attenuation to be used in the calculation of the Noise Reduction Rating must be determined according to the "Method for the Measurement of Real-Ear Protection of Hearing Protectors and Physical Attenuation of Earmuffs." This standard is approved as the American National Standards Institute Standard (ANSI-STD) S3.19-1974.

**ANSWER:** Defendants object to the allegations in this paragraph as they call for a legal conclusion, and therefore no response is required. To the extent a response is required, Defendants admit that EPA regulations address the labeling and testing of hearing protection devices in certain contexts.

239.   Further, 40 C.F.R. §211.204-4(e) requires that specific supporting information accompany hearing protection devices sold in the United States:

> The following minimum supporting information must accompany the device in a manner that insures its availability to the prospective user. In the case of bulk packaging and dispensing, such supporting information must be affixed to the bulk container or dispenser in the same manner as the label, and in a readily visible location.... **Instructions as to the proper insertion or placement of the device.**

(Emphasis added).

**ANSWER:**   Defendants object to the allegations in this paragraph as they call for a legal conclusion, and therefore no response is required. To the extent a response is required, Defendants admit that EPA regulations address the labeling of hearing protection devices in certain contexts.

**Aearo's Test Results for the Combat Arms™ Earplugs Demonstrated the Need for a Warning and Special Fitting Instructions**

240.   The NRR is supposed to represent the amount of sound attenuation experienced by a test group under conditions specified by the federal Noise Control Act's testing methodology.

**ANSWER:**   Defendants admit that an NRR is "[a] single number noise reduction factor in decibels, determined by an empirically derived technique which takes into account performance variation of protectors in noise reducing effectiveness due to differing noise spectra, fit variability and the mean attenuation of test stimuli at the one-third octave band test frequencies." Defendants deny the remaining allegations in this paragraph.

241.  In or around January 2000, Aearo began NRR testing on each end of the Combat Arms™ earplug. Rather than use an independent test lab, Aearo performed its testing inhouse at its E-A-RCAL laboratory (also now owned by 3M). Aearo selected 10 test subjects, including some of its own employees. Aearo's test protocol involved testing: (1) the subject's hearing without an earplug; (2) the subject's hearing with the open/unblocked (yellow) end of the Combat Arms™ earplug inserted; and (3) the subject's hearing with the closed/blocked (green) end of the Combat Arms™ earplug inserted.

**ANSWER:**  Defendants admit that they were conducting tests of the Dual-Sided Combat Arms™ Earplug at the E-A-RCAL Laboratory in December 1999. Defendants admit that, when conducting a labeling test, they would normally select ten test subjects from a panel of individuals. Defendants admit that they determine the NRR by measuring a subject's hearing without an earplug, with the closed end inserted to achieve a best fit (Test 213015), and with the open end inserted to achieve a best fit (Test 213016). Defendants deny the remaining allegations in this paragraph.

242.  Aearo's own employees monitored the test results as the tests were performed, which allowed them to stop the testing at any point if they were not achieving the desired NRR. This violated the ANSI S3.19-1974 testing protocol. In fact, Aearo stopped the test of the green end of the Combat Arms™ earplug inserted after only 8 of the 10 subjects had been tested. At that point, the Combat Arms™ earplugs were failing expectations miserably. Aearo was expecting to achieve an NRR of 22 with the green end inserted, but in fact was on target to receive a 10.9 rating based on the experiences of the first eight subjects.

**ANSWER:** Defendants admit they monitored the test results as the results were performed. Defendants admit that, after evaluating test data from eight subjects who participated in Test 213015, Defendants decided not to test the final two subjects. Defendants deny the remaining allegations in this paragraph.

243.   Despite stopping the test on the green end of the Combat Arms™ earplugs, Aearo had the remaining two test subjects complete the test with respect to the yellow end of the Combat Arms™ earplugs only because Aearo liked the low NRR rating the test was indicating to that point. After completion, however, testing of the yellow end resulted in an NRR of -2, which falsely suggested that the earplugs actually amplified sound. Aearo thus knew that the test was inaccurate and needed to be repeated. Instead, Aearo changed the -2 NRR to a 0 NRR, and used that rating on its label.

**ANSWER:** Defendants admit that, after concluding Test 213015, they examined potential ways to address the variability in test results. Defendants admit that, using data generated during Test 213016 of the open end of the Dual-Ended Combat Arms™ Earplug, an NRR of -2 was obtained. Defendants deny the remaining allegations in this paragraph.

244.   After prematurely stopping the NRR test of the green end of the Combat Arms™ earplug, Aearo investigated the disappointing test results and discovered that because the stem of the earplug was so short, it was difficult to insert the earplug deep enough into the wearer's ear canal to obtain a proper fit as required by ANSI S3.19-1974, Section 3.2.3. See, Acoustical Society of America Standard Method for the Measurement of Real- Ear Protection of Hearing Protectors and Physical Attenuation of Earmuffs (ASA STD 1-1975).

**ANSWER:** Defendants admit that the geometry of a subject's ear canal opening sometimes prevented the deep plug insertion required for maximum attenuation values. Defendants deny the remaining allegations in this paragraph.

245.   Aearo also discovered that when the green end of the Combat Arms™ earplug was inserted into the ear using the standard fitting instructions, the basal edge of the third flange of the yellow end pressed against the wearer's ear and folded backward. When the inward pressure of the earplug was released, the yellow flanges tended to return to their original shape, thereby loosening the earplug, often imperceptibly to the wearer. And, because the Combat Arms™ earplug was symmetrical, this same problem occurred when the earplug was reversed.

**ANSWER:** Defendants admit that the geometry of a subject's ear canal opening sometimes prevented the deep plug insertion required for maximum attenuation values. Defendants deny the remaining allegations in this paragraph.

246.   Aearo later instructed test subjects to fold the flanges on the non-inserted end of the earplug back before inserting it into the ear.

**ANSWER:** Defendants deny the allegations in this paragraph.

247.   Using these manipulated fitting instructions, Aearo re-tested the green end of the Combat Arms™ earplugs starting in February 2000. During this re-test of the green end, test subjects folded back the yellow flanges of the earplug (essentially elongating the too-short stem) to allow them to insert the earplugs deeper into their ears to obtain a proper fit. Because the yellow flanges were folded back, the basal edge of the third flange no longer pressed against the subject's ear canal, and thus did not cause the earplug to loosen

56

during the testing. Using this manipulated test protocol, Aearo achieved a 22 NRR on the green end of the Combat Arms™ earplug.

**ANSWER:**   Defendants admit that testing was conducted in February 2000. Defendants identified this test as "Test 213017." Defendants further admit that, for certain subjects, the fitting technique used in Test 213017 was different from that used in Test 213015. Defendants deny the remaining allegations in this paragraph.

248.   Due to the symmetrical nature of the Combat Arms™ earplugs, the problem that affected the fit of the green end similarly affected the fit of the yellow end. The fact that Aearo's testing of the yellow end resulted in a-2 NRR meant that the earplugs (when used without the special instructions described above) did not provide a proper fit (as required by ANSI S3.19-1974, Section 3.2.3) between the ear canal of at least some of the subjects and the earplugs. As a result, some subjects had large standard deviations across trials on the yellow end test, which suppressed the NRR rating.

**ANSWER:**   Defendants admit that, using data generated during Test 213016 of the open end of the Dual-Ended Combat Arms™ Earplug, an NRR of -2 was obtained. Defendants deny the remaining allegations in this paragraph.

249.   Nevertheless, Aearo did not re-test the yellow end using the manipulated fitting instructions like it did on the green end, i.e., folding back the flanges on the green end of the earplug before inserting the yellow end into the ear.

 **ANSWER:**  Defendants deny the allegations in this paragraph.

250.   Aearo did not re-test the yellow end because it knew that it would not be able to obtain a 0 NRR (much less the facially invalid -2 NRR).

**ANSWER:**   Defendants deny the allegations in this paragraph.

251.   Moreover, the need for the special fitting instructions for the Combat Arms™ earplugs is more important during real-life use than in a lab where the NRR tests are performed over the span of just a few minutes and the head of the test subject remains virtually motionless during the test. Wearers, such as Plaintiff on the other hand, may wear the earplug for an extended period of time and are more active than test subjects in a lab.

**ANSWER:**   Defendants deny the allegations in this paragraph.

252.   Because the issue was imperceptible to the wearer, an improper fit would go undetected by those who wore them.

**ANSWER:**   Defendants deny the allegations in this paragraph.

253.   Defendants continued to sell the Combat Arms™ earplugs until 2016, at which time Defendants discontinued the earplug. *See* Discontinuation: 3M Combat Arms Earplugs Version 2 (Nov. 17, 2015)).

**ANSWER:**   Defendants admit that the Dual-Ended Combat Arms™ Earplug was discontinued on or about November 2015. Defendants deny the remaining allegations i in this paragraph.

254.   Defendants' failure to warn about the need for special fitting instructions for the Combat Arms™ earplugs caused Plaintiffs to suffer hearing loss and tinnitus.

**ANSWER:**   Defendants deny the allegations in this paragraph.

255.   At all times after 3M's acquisition of Aearo, 3M knew of, conspired with, and was complicit in Aearo's wrongful acts in marketing and selling the Combat Arms™ earplugs without warning of the need for modified fitting instructions.

**ANSWER:**   Defendants deny the allegations in this paragraph.

## TOLLING OF STATUTES OF LIMITATIONS

256.   Plaintiffs could not, by the exercise of reasonable diligence, have discovered Defendants' wrongful acts as the cause of his injuries at an earlier time, because, at the time of these injuries, the cause was unknown to Plaintiffs. Plaintiffs did not suspect, nor did Plaintiffs have reason to suspect, the cause of these injuries, or the tortious nature of the conduct causing these injuries, until less than the applicable limitations period prior to the filing of this action.

**ANSWER:**   Defendants deny the allegations in this paragraph.

257.   Further, the running of the statute of limitations has been tolled by reason of Defendants' fraudulent concealment. Through their affirmative misrepresentations and omissions, Defendants actively concealed from Plaintiffs the risks associated with use of the Combat Arms™ earplugs without adhering to the specific fitting instructions discussed above.

**ANSWER:**   Defendants deny the allegations in this paragraph.

258.   Because of Defendants' failure to warn, Plaintiffs were unaware, and could not reasonably know or have learned through reasonable diligence that they had been exposed to the risks alleged herein, and that those risks were the direct and proximate result of Defendants' acts and omissions.

**ANSWER:**   Defendants deny the allegations in this paragraph.

259.   Through Defendants' affirmative misrepresentations and omissions pertaining to the safety and efficacy of the Combat Arms™ earplugs, Plaintiffs were

prevented from discovering this information sooner because Defendants misrepresented and continued to misrepresent the risks associated with using the Combat Arms™ earplugs without adhering to the specific fitting instructions discussed above.

**ANSWER:**   Defendants deny the allegations in this paragraph.

### COUNT I: PRODUCT LIABILITY – FAILURE TO WARN

260.   Plaintiffs incorporate by reference the paragraphs above as if fully set forth herein.

**ANSWER:**   With respect to the allegations in this paragraph, Defendants incorporate by reference the responses set forth in Paragraphs 1 through 260 of this Answer as though fully set forth herein.

261.   Defendants are the manufacturers and sellers of the Combat Arms™ earplugs.

**ANSWER:**   Defendants admit that Aearo Technologies developed, marketed, and sold Dual-Ended Combat Arms™ Earplugs and admit that it was acquired by 3M in 2008. Defendants further admit that 3M marketed and sold Dual-Ended Combat Arms™ Earplugs after it acquired Aearo Technologies and that Aearo Technologies is a subsidiary of 3M. Defendants deny the remaining allegations in this paragraph.

262.   The Combat Arms™ earplugs that Defendants manufactured, distributed, and sold lacked adequate warnings, instructions, or labels at the time they left Defendants' control.

**ANSWER:**   Defendants deny the allegations in this paragraph.

263.    Defendants failed to warn, failed to provide instructions, and failed to provide an adequate label that included the modified fitting instructions necessary for the Combat Arms™ earplug to fit correctly in the wearer's ear and create the seal necessary to block out damaging sounds.

**ANSWER:**   Defendants deny the allegations in this paragraph.

264.    Defendants had a duty to sell the Combat Arms™ earplugs with reasonable and due care for the safety and well-being of wearers, including Plaintiffs. Defendants breached that duty.

**ANSWER:**   Defendants deny they breached any duty to Plaintiffs.  Defendants otherwise make no response to the allegations in this paragraph because they assert conclusions of law to which no response is required. To the extent that a response is required, Defendants deny the remaining allegations in this paragraph.

265.    Defendants had a duty to provide adequate warnings and/or instructions to prevent the risks associated with the Combat Arms™ earplugs when worn in the ordinary course. Defendants breached that duty.

**ANSWER:**   Defendants deny they breached any duty to Plaintiff.  Defendants otherwise make no response to the allegations in this paragraph because they assert conclusions of law to which no response is required. To the extent that a response is required, Defendants deny the remaining allegations in this paragraph.

266.    It was foreseeable to Defendants that the Combat Arms™ earplugs would be unreasonably dangerous if distributed without a warning regarding the risks of damage to the ear with an improper fit and/or modified fitting instruction.

**ANSWER:**   Defendants deny the allegations in this paragraph.

267.   Not only was it foreseeable, it was foreseen by Defendants. During testing, Defendants discovered that because the stem of the earplug was so short, it was difficult to insert the earplug deep enough into the wearer's ear canal to obtain a proper fit.

**ANSWER:**   Defendants deny the allegations in this paragraph.

268.   Defendants also discovered that when the green end of the Combat Arms™ earplug was inserted into the ear using the standard fitting instructions, the basal edge of the third flange of the yellow end pressed against the wearer's ear and folded backward. When the inward pressure of the earplug was released, the yellow flanges tended to return to their original shape, thereby loosening the earplug, often imperceptibly to the wearer. And, because the Combat Arms™ earplug was symmetrical, this same problem occurred when the earplug was reversed.

**ANSWER:**   Defendants admit that the geometry of a subject's ear canal opening sometimes prevented the deep plug insertion required for maximum attenuation values. Defendants deny the remaining allegations in this paragraph.

269.   Defendants had a post-sale duty to warn of the above alleged product-related risks because Defendants knew or reasonably should have known that the Combat Arms™ earplug posed a substantial risk of harm to wearers, including Plaintiff, if used without adhering to specific fitting instructions; the wearer who used the Combat Arms™ earplug can reasonably be assumed to be unaware of the risk of harm of using the Combat Arms™ earplugs without specific fitting instructions because the above alleged loosening effect was imperceptible; a warning or instruction showing how to correctly and safely use the

Combat Arms™ earplug could have been effectively communicated to and acted upon by the wearer to whom a warning or instruction might be provided; and the risk of harm, including but not limited to hearing loss in wearers, is sufficiently great to justify the slight burden of providing a warning or instruction. Defendants breached this duty by failing to provide a post-sale warning or instruction.

**ANSWER:**   Defendants deny the allegations in this paragraph.

270.   The Combat Arms™ earplugs contained no warnings, or in the alternative, inadequate warnings and/or instructions, as to the risk that the Combat Arms™ earplugs would allow damaging sounds to bypass the earplug thereby posing a serious risk to Plaintiff's hearing unbeknownst to Plaintiffs.

**ANSWER:**   Defendants deny the allegations in this paragraph.

271.   The warnings and instructions that accompanied the Combat Arms™ earplugs failed to provide the level of information that an ordinary wearer would expect when using the Combat Arms™ earplugs in a manner reasonably foreseeable to Defendants.

**ANSWER:**   Defendants deny the allegations in this paragraph.

272.   Had Plaintiffs received a proper or adequate warning as to the risks associated with the use of the Combat Arms™ earplugs in the manner contemplated by Defendants, they would not have used them.

**ANSWER:**   Defendants deny the allegations in this paragraph.

273.   Additionally, and/or alternatively, had Plaintiffs received the modified fitting instructions that were used by Defendants during the testing, which were not disclosed to

Plaintiffs, Plaintiffs would have followed the modified fitting instructions to ensure a proper seal to prevent damaging sounds from entering the ear canal.

**ANSWER:**   Defendants deny the allegations in this paragraph.

274.   Plaintiffs suffered injury and damage as a direct and proximate result of Defendants' failures to warn and/or provide adequate instructions regarding the dangerous condition of the Combat Arms™ earplugs that the Defendants manufactured, distributed, and sold.

**ANSWER:**   Defendants deny the allegations in this paragraph.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs request from Defendants, jointly and severally, compensatory damages, together with appropriate equitable relief, costs and attorneys' fees as follows:

A.   Award of monetary damages, including compensatory relief, to which Plaintiffs are entitled at the time of trial in an amount exceeding $50,000;

B.   Award of pre- and post-judgment interest;

C.   Award of costs; and

D.   Award of all such other and further relief as may be available at law or equity and may be proper under the circumstances.

**ANSWER**:   Defendants deny the allegations in Plaintiffs' Prayer for Relief, including in subparagraphs (A) through (D), deny Plaintiffs are entitled to the relief requested, or any other relief, and demand strict proof thereof.

## DEMAND FOR JURY TRIAL

Defendants demand a trial by jury on all issues so triable, and demand strict proof thereof.

## DEFENSES AND AFFIRMATIVE DEFENSES

Defendants, by and through their counsel, set forth and assert the following defenses and affirmative defenses to Plaintiffs' Complaint:

1. Defendants deny each and every allegation contained in Plaintiffs' Complaint except those specifically admitted above.

2. The Complaint fails to state a claim upon which relief may be granted.

3. Plaintiffs' claims are barred by the applicable statutes of limitations and/or repose. Assuming that the Dual-Ended Combat Arms™ Earplugs provided insufficient noise attenuation, Plaintiffs learned or should have learned of this issue while using the earplugs.

4. Plaintiffs' alleged injuries were not proximately caused by any act or omission on the part of Defendants, including any alleged failure to warn or failure to provide instructions.

5. To the extent Defendants are liable for injuries suffered by Plaintiffs, Defendants' liability must be reduced under principles of contributory or comparative fault.

6. If Plaintiffs suffered any injuries or incurred any damages, which Defendants deny, discovery or investigation may reveal the same were caused, in whole or in part, by: (1) products which were not manufactured by Defendants; (2) the acts or omissions of persons or entities other than Defendants and over whom Defendants had no control; (3)

events over which Defendants had no control; or (4) superseding or intervening causes over which Defendants had no control.  Defendants' liability, if any, to Plaintiffs for any damages, including non-economic damages, should be diminished, reduced, and/or offset on based on the fault and responsibility of such other persons and/or entities.

7.      Discovery or investigation may reveal injuries, damages, and/or losses, if any, sustained by each Plaintiff was the result of that Plaintiff's unforeseeable preexisting medical conditions and/or idiosyncratic reactions by that Plaintiff which was not reasonably foreseeable and which were not the result of any conduct or negligence on the part of Defendants, nor the result of any defect in any product manufactured by Defendants. Accordingly, Defendants cannot be held liable for Plaintiffs' claims.

8.      In the event Plaintiffs have sustained damages as alleged in the Complaint, which is denied, discovery or investigation may reveal that each Plaintiff's claim is barred, in whole or in part, by the misuse, abuse, modification, alteration, or other change in the product after Defendants relinquished possession of and control over the subject product.

9.      Defendants are not liable for any injuries suffered by Plaintiffs from their use of the Double-Ended Combat Arms™ Earplugs because each Plaintiff assumed the risk when he knowingly and voluntarily exposed himself to potentially damaging noises.

10.      Defendants are not liable for any injuries suffered by Plaintiffs from their use of the Double-Ended Combat Arms™ Earplugs because each Plaintiff assumed the risk when he knowingly and voluntarily exposed himself to potentially damaging noises.

11.      Plaintiffs' claims are barred by the federal government contractor defense.

(a) The United States military commissioned Defendants to develop the Dual-Ended Combat Arms™ Earplug.

(b) The United States military specified that the earplug be double-sided.

(c) The United States military specified that the earplug provide linear and non-linear protection.

(d) The United States military specified that the earplug's color scheme be suitable for military service.

(e) The United States military specified that the earplug fit in a standard military carrying case.

(f) The Dual-Ended Combat Arms™ Earplug satisfied these specifications because it was a double-sided earplug with green and yellow tips that fit in the military's carrying case while providing linear and non-linear protection.

(g) Defendants warned the United States military that there were tradeoffs associated with shortening the Dual-Ended Combat Arms™ Earplug to fit in the standard military carrying case.

(h) The United States military provided direction for and approved instructions for use and warnings for the Dual-Ended Combat Arms™ Earplug, including for both military and non-military use. Defendants followed the United States military's direction in creating instructions for use and warnings.

(i) Under the government contractor defense, Defendants are not liable for any injuries that Plaintiffs suffered from use of the Dual-Ended Combat Arms™ Earplug.

12. Discovery or investigation may reveal each Plaintiff has failed to mitigate the damages sustained, if any, and has failed to exercise reasonable care to avoid the consequences of harms, if any, in that, among other things, each Plaintiff may have failed to use reasonable diligence in caring for any injury, failed to use reasonable means to prevent aggravation of any injury, and failed to take reasonable precautions to reduce any injury and damage. Some or all of the damages requested in the Complaint are not recoverable in this action.

13. Plaintiffs' claims are barred by the sophisticated intermediary doctrine because the chain of distribution is such that the duty to warn ultimate users should fall on an intermediary in that chain, rather than on Defendants. *See, e.g., In re Brooklyn Navy Yard Asbestos Litig.*, 971 F.2d 831, 837-39 (2d Cir. 1992); Restatement (2d) of Torts § 388, cmt. n.

14. Plaintiffs may not recover on the claims pleaded in the Complaint because the damages sought are too speculative and remote.

15. Defendants specifically plead and incorporate by reference as an affirmative defense all applicable caps, limitations, and set-offs upon any award of damages, which are provided by law.

16.     Any recovery by Plaintiffs is barred or to be reduced in accordance with the collateral source rule, and the legal and equitable principles of payment, satisfaction, accord and satisfaction, set-off, and rules barring windfalls and double recovery.

17.     Defendants are entitled to a set-off for all settlements and compensation that Plaintiff has received, or may receive, as a result of the injury that is alleged to have occurred.

18.     Any and all releases entered, or to be entered into by each Plaintiff, should reduce, in whole or in part, any damages each Plaintiff may be entitled to recover from Defendants.

19.     To the extent the claims asserted in the Complaint are based on a theory providing for liability without proof of defect and proof of causation, the claims violate Defendants' rights under the United States Constitution and analogous provisions of the Constitutions of Georgia, California, West Virginia, Texas, Maryland, Louisiana, Florida, Kentucky, Arkansas, Illinois, Oregon, Arizona, New York, Utah, Pennsylvania, Indiana, Michigan, South Carolina, Mississippi, Massachusetts, Arkansas, Colorado, Washington, Maryland, North Carolina, Ohio, and/or Minnesota.

20.     Defendants hereby give notice that they may rely on any additional affirmative defenses that become available or apparent during discovery or prior to trial, and thus Defendants reserve the right to amend this Answer to assert such defenses.

Dated: December 1, 2020          Respectfully submitted,

*s/ Benjamin W. Hulse*
Jerry W. Blackwell (MN #186867)
Benjamin W. Hulse (MN #0390952)
BLACKWELL BURKE P.A.
431 South Seventh Street, Suite 2500
Minneapolis, MN 55415
Phone: (612) 343-3200
Fax: (612) 343-3205
Email: blackwell@blackwellburke.com
      bhulse@blackwellburke.com


**Counsel for Defendant 3M Company**

*s/ Faris A. Rashid*
Faris A. Rashid (MN #0391508)
GREENE ESPEL PLLP
222 S. Ninth Street, Suite 2200
Minneapolis, MN 554402
Phone: (612) 373-0830
Email:frashid@greeneespel.com

**Counsel for Defendant Aearo Technologies LLC**